UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO VELASQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>QUALITAS INSURANCE COMPANY,<br><br>Defendant. | Case No. 26-cv-01762-AGT<br><br>**ORDER RE: SUBJECT MATTER JURISDICTION** |

Plaintiff Rodolfo Velasquez alleges that the Court has diversity jurisdiction. Dkt. 1, Compl. ¶ 9. As the party invoking the Court's diversity jurisdiction, he bears the burden of pleading the necessary jurisdictional elements. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016). Among them, he must plead facts supporting either (i) that he and Defendant Qualitas Insurance Company are "citizens of different States;" or (ii) that one of them is a "citizen[] of a State," the other is a "citizen[] or subject[] of a foreign state," and the citizen or subject of a foreign state is not "lawfully admitted for permanent residence in the United States and . . . domiciled in the same State" as the other party. 28 U.S.C. § 1332(a)(1)–(2). He hasn't satisfied this requirement.

With respect to himself, Velasquez alleges only that he "frequently crosses the international border between the United States and Mexico" and sometimes "stays in the San Francisco Bay Area." Dkt. 1, Compl. ¶ 6. These allegations aren't sufficient to plead citizenship for purposes of diversity jurisdiction.

> [T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citation modified).

To comply with § 1332 and *Kanter*, Velasquez first needs to identify whether he is a citizen of the United States, Mexico, or another country. If he is a citizen of Mexico or another non-U.S. country, he then needs to identify whether he is a lawful permanent resident in the United States; and if he is a lawful permanent resident, he also needs to identify the state in the United States in which he is domiciled. If, instead, he is a citizen of the United States, he only needs to identify the state in the United States in which he is domiciled.

On or before July 17, 2026, Velasquez must file an amended complaint in which he includes the missing citizenship allegations. Alternatively, if he determines that the Court lacks complete diversity of citizenship,[1] he may file a notice of voluntary dismissal by

---

[1] As alleged, Qualitas Insurance Company is a citizen of California. *See* Compl. ¶ 6 (alleging that Qualitas Insurance Company maintains its headquarters in San Diego, California); 28 U.S.C. § 1332(c) ("For the purposes of [the diversity jurisdiction statute] . . . (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); *Fed. Ins. Co. v. Costco Wholesale Corp.*, No. 17-CV-07316-MEJ, 2018 WL 1151730, at *2 (N.D. Cal. Mar. 5, 2018) ("A corporation's principal place of business is determined by the state in which its 'nerve center' is located: '[I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and

July 17, 2026, and refile his case in state court.

**IT IS SO ORDERED.**

Dated: June 30, 2026

_____
Alex G. Tse
United States Magistrate Judge

---

not simply an office where the corporation holds its board meetings . . . .'" (alteration in original) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010))).