UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RODOLFO VELASQUEZ,

Plaintiff,

v.

QUALITAS INSURANCE COMPANY, et al.,

Defendants.

Case No. 26-cv-01762-AGT

**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

Plaintiff's amended complaint reveals that the Court likely lacks federal subject matter jurisdiction. Plaintiff is suing Qualitas Insurance Co. and its parent company, Quálitas Compañía de Seguros, S.A. de C.V., for violations of California law. The asserted jurisdictional basis for his claims is diversity jurisdiction. Dkt. 21, FAC ¶ 12.

Plaintiff is a dual citizen of the United States and Mexico. *Id.* ¶ 8. He resides in Tecate, Baja California, Mexico, but "frequently crosses" between the United States and Mexico and maintains a separate address in San Francisco, California. *Id.* ¶¶ 6, 9.

Qualitas Insurance Co. is headquartered in San Diego, California. *Id.* ¶ 6. As a California-headquartered corporation, Qualitas Insurance Co. is presumptively a citizen of

California. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). Defendant Quálitas Compañía de Seguros, S.A. de C.V., is a Mexico-based company. *Id.* ¶¶ 6–7.

Under 28 U.S.C. § 1332, district courts have diversity jurisdiction when the amount in controversy exceeds $75,000 and is between—

> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state . . . ;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

None of these four bases for diversity jurisdiction exist here.

For two reasons, the action isn't between "citizens of different States," §1332(a)(1), or between "citizens of different States and in which citizens or subjects of a foreign state are additional parties," § 1332(a)(3). First, although Plaintiff is a dual citizen of the United States and Mexico, he isn't a citizen of any State within the United States. He maintains an address in San Francisco, CA, but resides—and is presumptively domiciled—in Mexico. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) (place of residence is presumed to be place of domicile absent contrary evidence). When a U.S.-citizen is domiciled abroad, he is stateless for purposes of § 1332. *See Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828 (1989). Such "'stateless' status destroy[s] complete diversity under § 1332(a)(3) . . . ." *Id.* at 829.

Second, even if Plaintiff was domiciled in California—based on his San Francisco address—the action still wouldn't be between "citizens of different States." § 1332(a)(1),

(a)(3). Defendant Qualitas Insurance Co. is headquartered in California, *id.* ¶ 6, the same State in which Plaintiff has his U.S.-based address. Plaintiff and Defendant are not citizens of different States, then. If anything, they are citizens of the same State. There is thus a lack of complete diversity. *See Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1112 (9th Cir. 2016) ("The upshot is that a federal court may exercise diversity jurisdiction 'only if there is no plaintiff and no defendant who are citizens of the same State.'" (quoting *Wisconsin Dept. of Corr. v. Schacht*, 524 U.S. 381, 388 (1998))).

Next, the action isn't between "citizens of a State and citizens or subjects of a foreign state." § 1332(a)(2). "[F]or a dual national citizen," like Plaintiff, "only the American nationality is relevant for purposes of diversity under 28 U.S.C. § 1332." *Frett-Smith v. Vanterpool*, 511 F.3d 396, 399 (3d Cir. 2008). "Thus, an American national, living abroad, cannot sue or be sued in federal court under § 1332(a)(2)." *Id.* at 400; *see also White v. Connell*, No. C 17-03177 WHA, 2017 WL 3535033, at *1 (N.D. Cal. Aug. 17, 2017) (noting that "every federal appellate court to consider the issue is in accord[;]" "for a dual national citizen, only the American citizenship is relevant for purposes of diversity") (citation modified). Put differently, Plaintiff, as a dual citizen of the United States and Mexico, cannot rely on his Mexican citizenship to support diversity jurisdiction under § 1332(a)(2).

Lastly, the action isn't between "a foreign state . . . as plaintiff and citizens of a State or of different States." § 1332(a)(4). No foreign state (e.g., Canada, Mexico, Spain, China), is a plaintiff in the case.

Plaintiff has invoked diversity jurisdiction but none of the bases for diversity appears to be present. The Court accordingly orders Plaintiff to show cause, by August 11, 2026, for why the Court shouldn't dismiss the complaint, without prejudice to refiling in state court,

for lack of federal subject-matter jurisdiction.

**IT IS SO ORDERED.**

Dated: July 27, 2026

Alex G. Tse
United States Magistrate Judge